| | |
|---|---|
| GENE FLEISNER<br>d/b/a SUPER NOVA CORP.,<br><br>        Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 2:16-CV-01496 |

## AMENDED DECLARATION OF MICHAEL S. COOPER IN SUPPORT OF PETITIONER'S AMENDED PETITION TO QUASH IRS SUMMONSES

I, Michael S. Cooper, declare that:

1. I represent the Petitioner, Gene Fleisner ("Fleisner"), in the above-referenced matter, and hereby execute this Amended Declaration in support of his "Amended Petition to Quash IRS Summonses."

2. Except where explicitly noted to the contrary, I have personal knowledge of the facts set forth in this Declaration and, if called upon to testify to said facts, could do so competently.

3. Attached hereto as "Exhibit A" and "Exhibit B" are true and correct copies of the IRS Summonses issued to Marvin D. Hatcher, accountant for Super Nova Corp., located at 3203 55th Court, Unit 158, Kenosha, WI 53144 and First Bank Financial Center, 155 W. Wisconsin Ave., Oconomowoc, WI 53066.

4. From counsel's professional experience and as further confirmed by comments made by IRS and DOJ Tax Division personnel at a recent American Bar Association-sponsored Criminal Tax Fraud Conference in San Francisco, upon information and belief, and as discovery

1

will show, the IRS is longer institutionally committed to abiding by the strictures of *Tweel*. *See United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) and *United States v. Dahlstrum*, 493 F.Supp. 966 (C.D. Cal. 1980). Instead, through the use of so-called "fraud technical advisors," upon information and belief, and as discovery will show, the IRS institutionally utilizes civil audits as subterfuge methods to acquire information and discovery, and especially interviews of the target, to build criminal cases, often in manners contrary to the dictates of *Tweel*. As an example, the goal is to "lull" the taxpayer into believing the taxpayer is under a purely civil inquiry when in fact the IRS intends and is using the civil process in service to a criminal case in order to elicit admissions from the unsuspecting taxpayer. The *modus operandi* of the program, upon information and belief, is to not formally refer the case for criminal prosecution until the IRS Revenue Agent ("RA") summons the target for interviews and elicits incriminating information without the taxpayer knowing the true intent of the interview is admissions for a case the RA has already determined as a criminal referral. The tell-tale indicators of such an illicit audit, from counsel's prior experience and review, includes: (a) the RA summonsing the taxpayer in for a set of interrogations after the RA has already determined the case appropriate for criminal referral; (b) an RA being assigned to the case from an unusual office (not the taxpayer's regional office, for example, as here); (c) an RA handling more than just a 3-year tax period and involved in multiple stages of a matter (such as acting as auditor, and collector, with audits, notices of deficiency, and collection notices); (d) an RA with unexplained access to grand jury materials, as here; and (e) an RA who tends to testify for the government in criminal cases.

     5.     Additionally, the IRS routinely fails to follow the required administrative steps in a criminal inquiry that predicated the Court's decision in *LaSalle*. Principally, this includes routinely using civil summonses to aid and support a grand jury inquiry, opening a grand jury inquiry without any recommended referral for prosecution in many instances, and denying

citizens under inquiry and investigation *Miranda* notices or their administrative conference rights. These are the protocols the IRS assured the Supreme Court they would follow. It was IRS's adherence to these protocols that predicated generous use of summonses by criminal investigators while, at the same time, prevented any potential misuse of civil summonses through pursuit of evidence of criminal wrongdoing outside the grand jury process and the rules of criminal procedure. These protocols are infirm and easily evaded under current tax policy administration. Even more egregious, the IRS no longer follows the limits proscribed by *Tweel*, frequently fails to disclose to targeted taxpayers the criminal referral intended or in process concerning them, and more than occasionally, makes material misrepresentations to them about the criminal nature of audits and collection matters. As a result, counselors and taxpayers can increasingly not rely on the attestations of IRS agents and auditors when making critical compliance and testimonial decisions in what is supposed to be the civil part of the process. *See United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977); *United States v. Dahlstrum*, 493 F.Supp. 966 (C.D. Cal. 1980).

       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

       Executed on this the 8th day of November 2016.


/s/ Michael S. Cooper
MICHAEL S. COOPER, Esquire

3

Case 2:16-cv-01496-DEJ   Filed 11/08/16   Page 3 of 3   Document 2-1